11-1117-ag
Herrera-Molina v. Holder

BIA
A027 085 434

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

WILLIAM HERRERA-MOLINA,
> *Petitioner,*

v.                                          11-1117-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:         Haroutyun Asatrian, Strasser
                        Asatrian, LLC, Newark, NJ.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Leslie McKay, Assistant
                        Director; Allison Frayer, Trial
                        Attorney, Office of Immigration

**Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner William Herrera-Molina, a native and citizen of Colombia, seeks review of a February 25, 2011, order of the BIA denying his motion to reopen. *In re William Herrera-Molina*, No. A027 085 434 (B.I.A. Feb. 25, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Because Herrera-Molina filed his motion to reopen more than 90 days after the BIA dismissed his appeal, he was required to show changed circumstances in Columbia to excuse

the untimely filing.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii).  Herrera-Molina contends that the BIA abused its discretion by failing to address certain evidence, chiefly the Defense Cooperation Agreement ("DCA") between the United States and Colombia and the fact that his son is an active U.S. Marine.  However, a reasonable fact-finder would not be compelled to conclude that the BIA ignored this evidence.  *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (holding that the BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" as long as it "has given reasoned consideration to the petition, and made adequate findings" (internal citations omitted)).

The record supports the BIA's conclusion that Herrera-Molina failed to demonstrate a change in country conditions.  The service of Herrera-Molina's son on active military duty (in Japan) is a development in the Petitioner's circumstances, not in conditions in Colombia.  *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005).  Moreover, the record does not compel the conclusion that the DCA increased the risk of anti-American violence in Colombia; the history of such violence in

3

Columbia is long.  Accordingly, we defer to the BIA's conclusion that the DCA did not represent a material change in conditions.  *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("[W]here there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous."); *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 257 (BIA 2007) (explaining that an "incremental or incidental" change does not constitute changed country conditions for purposes of motions to reopen).

Finally, Herrera-Molina argues that the DCA has changed conditions in Colombia because it has been criticized by Venezuela and Nicaragua.[1]  But nothing in the record compels the conclusion that tensions between the countries are new, or effected changed country conditions in Colombia.

Accordingly, the BIA relied on substantial evidence in finding that Herrera-Molina did not establish changed country conditions and did not abuse its discretion in denying his motion to reopen as untimely.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i),(ii).

For the foregoing reasons, the petition for review is

---

[1] We do not consider the internet articles Herrera-Molina discusses in his brief in support of this argument as they are not in the administrative record.  *See* 8 U.S.C. § 1252(b)(4)(A).

4

DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```